*In re* XAVIER R. TORRES VILLA.

*Número:* AB-92-118-A          *Resuelto:* 15 de marzo de 1995

*Pedro A. Delgado Hernández, Procurador General, Reina Colón de Rodríguez, Procuradora General Interina y Subprocuradora General Interina, e Yvonne Casanova Pelosi, Procuradora General Auxiliar; Xavier R. Torres Villa, pro se.*

PER CURIAM: El 24 de febrero de 1993 el Procurador General incoó ante este Foro un informe relacionado con una queja presentada por la Sra. Josefina Santiago contra el abogado de epígrafe. En dicho escrito señaló que el abogado no había contestado dos (2) comunicaciones que le

requerían su posición sobre la queja presentada en su contra.

Oportunamente emitimos resolución en la cual concedimos treinta (30) días al licenciado Torres Villa para que contestara al Procurador General. Recibida esta orden, el querellado compareció ante este Tribunal y solicitó una prórroga de treinta (30) días para cumplir con nuestra resolución. El Tribunal accedió a su petición.

Transcurrido aproximadamente un año y medio sin haber recibido contestación, el Procurador General compareció ante nos para informarnos que el licenciado Torres Villa no había cumplido con nuestra resolución.

Ante este señalamiento, el 9 de diciembre de 1994 ordenamos de nuevo a Torres Villa a que en un término final de treinta (30) días compareciera ante el Procurador General para responder a los requerimientos en torno a la queja de la señora Santiago García. Además, le apercibimos de que si no cumplía con lo ordenado, se le separaría inmediatamente de la práctica de la profesión de abogado. A pesar de nuestro apercibimiento, tres (3) meses después de la resolución, todavía no hemos recibido una contestación del abogado. Su conducta obstinada nos obliga a tomar sanciones disciplinarias severas.

Un examen de su expediente personal revela que este comportamiento de Torres Villa no se ha limitado a este caso, sino que se observa un patrón a esos efectos, evidenciado por su comportamiento en varias quejas presentadas contra él tanto ante este Tribunal como en la Oficina del Procurador General y en el Colegio de Abogados de Puerto Rico.

En 1989, en *In re García Ortiz*, 133 D.P.R. 666 (1993), encontramos que Torres Villa no actuó con diligencia ni conforme con las normas que reglamentan la notaría al inscribir tardíamente una escritura en el Registro de la Propiedad. En esa ocasión limitamos nuestra sanción a un

apercibimiento de que en el futuro tenía que cumplir estrictamente con las normas de nuestra profesión.

No obstante, el 15 de abril de 1994 fue suspendido temporalmente de la notaría y la abogacía por no cumplir con nuestras resoluciones en las que le concedíamos tiempo para contestar las quejas presentadas contra él. Aunque posteriormente cumplió con la orden emitida que había originado la suspensión de abril de 1994, después de su readmisión Torres Villa ha continuado con su mismo patrón de conducta, ignorando otros requerimientos del Procurador General en quejas sometidas contra él por varios clientes. No podemos continuar tolerando esta actitud del abogado que, en esencia, constituye un desafío de las normas que regulan nuestra profesión.

En vista del comportamiento contumaz del licenciado Torres Villa y de que su conducta ha demostrado un patrón de ignorar los requerimientos del Procurador General y las órdenes de este Tribunal en grave menosprecio del proceso disciplinario, *ordenamos su suspensión indefinida de la práctica de la abogacía hasta que acredite de forma fehaciente que en el futuro cumplirá estricta y diligentemente con los requerimientos del Procurador General y con las órdenes de este Tribunal.*

*Se dictará la sentencia correspondiente.*

El Juez Presidente Señor Andréu García y la Juez Asociada Señora Naveira de Rodón no intervinieron.